UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as Subrogees of CHEVRON U.S.A. INC., specifically identified as, LLOYD'S SYNDICATES 457, 1036, 1084, 1029, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO., LTD., INTERNATIONAL INS. CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIP MARINE & NICHIDO FIRE INSURANCE CO., LTD., and ZURICH INSURANCE PLC UK** § § § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. _____**<br>**JURY REQUESTED** |
| Vs. | § § |
| **HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., McDERMOTT INC., DETAIL DESIGN INC. and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC** | § § § § § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, and 43 U.S.C. §1331, *et. seq.*, defendant, FloaTEC LLC d/b/a FloaTEC Solutions LLC ("FloaTEC"), hereby gives notice and removes this case to the United States District Court for the Southern District of Texas, Houston Division.

FloaTEC respectfully represents the following in accordance with the requirement of 28 U.S.C. §1446(a) for a "short and plain statement of the grounds for removal."

**PROCEDURAL STATUS OF THE CASE AND PROPRIETY OF REMOVAL**

1. FloaTEC is a named defendant in the matter styled *Certain Underwriters at Lloyd's London and Certain Insurance Companies Subscribing to Policy B0823EE110211, individually and as subrogees of Chevron U.S.A. Inc., et al. v. Heerema Marine Contractors Nederland BV, Heerema Marine Contractors U.S. Inc., McDermott Inc., Detail Design, Inc., and FloaTEC LLC d/b/a FloaTEC Solutions LLC*, pending in the 234th Judicial District Court of Harris County, Texas, and bearing Cause Number 2016-35355 ("State Court Action"). A copy of the Plaintiffs' Original Petition filed in the State Court Action is attached to this Notice as **Exhibit B**. ("Plaintiffs' Petition"). A copy of Plaintiffs' First Amended Petition is attached to this Notice as **Exhibit C**. ("Plaintiffs' First Amended Petition").

2. Plaintiffs commenced this action by filing this lawsuit in the 234th District Court, Harris County, Texas on May 27, 2016. Plaintiffs' First Amended Petition was filed in the 234th District Court, Harris County, Texas on May 31, 2016.

3. FloaTEC was served with the Plaintiffs' First Amended Petition on September 22, 2016. **Exhibit A**.

4. This Notice of Removal is timely filed, as it is being filed within 30 days after receipt of the initial pleading setting forth the claims for relief and within 30 days of service of process as required by 28 U.S.C. §1446(b). Given the short time frame, FloaTEC finds this removal prudent and necessary.

5. FloaTEC is the only defendant who is currently a named Defendant in this suit. (FloaTEC would note that in Plaintiffs' Original Petition Detail Design Inc. was a named

defendant. See, attached, **Exhibit B**. However, in Plaintiffs' Amended Petition, they were no longer listed as a defendant. See, attached **Exhibit C**.)  All other remaining named Defendants have been nonsuited. See, attached, **Exhibit F**. Therefore, consent from the other unserved defendants is unnecessary.

6. Plaintiffs seek monetary relief "over $1,000,000.00." (Plaintiffs' First Amended Petition, ¶2).

7. All pleadings, process, orders, and other filings in the state court action accompany this notice. *See* U.S.C. § 1446(a); S.D. Tex. Loc. R. 81. Pursuant to 28 U.S.C. § 1446(a) and local Rule 81, Defendant has attached hereto: a copy of all executed process in the case as **Exhibit A**; a copy of Plaintiffs' Original Petition, as **Exhibit B**; a copy of Plaintiffs' First Amended Petition, as **Exhibit C**; a copy of the state docket sheet as **Exhibit D**;  a copy of Notices of Intent to Dismiss as **Exhibit E**;  a copy of the Court's executed Order granting Nonsuit as **Exhibit F**; Appendix of Exhibits being filed as **Exhibit G**; and a list of all Parties as **Exhibit H**.

8. Undersigned counsel certifies that a Notice of Filing Removal, along with a copy of this Notice of Removal, will be promptly filed with the 234th Judicial District Court of Harris County, Texas.  Also, pursuant to 28 U.S.C. §1446, Defendant is providing written notice of the filing of this Notice of Removal to all adverse parties.

9. Removal is not barred by 28 U.S.C. § 1445.

## BASIS FOR FEDERAL COURT ORIGINAL JURISDICTION

**A.    The Outer Continental Shelf Lands Act Provides a Basis for Removal.**

10. This case is removable to this Court under the jurisdictional grant set forth in the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331, *et. seq.* in that the claims

asserted arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq. See, e.g. Rodriguez v. Aetna Cas. & Surety Co,* 395 U.S. 352 (1969)(recognizing the original federal jurisdiction exercised pursuant to OCSLA); *Texaco Exploration & Prod. v. AmClyde Engineered Products, Co., Inc.* 448 F.3d 760, 771 (5th Cir. 5/5/06)(same). Claims arising under federal law such as OCSLA are removable pursuant to §1331 without regard for the citizenship of the parties or the amount in controversy, and because claims involving federal enclaves like the Outer Continental shelf inherently arise under federal law. 28 U.S.C. §§1331, 1441(b).

11. This matter is therefore removable under 28 U.S.C. §1441 in that it is a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 28 U.S.C. §1331 and 43 U.S.C. §1349

12. This case arises from an alleged incident occurring on or about May 29, 2015. Plaintiffs allege that "the incident involves the construction of an offshore oil and gas facility in the Walker Ridge Area, Block 29, on the Outer Continental Shelf in the Gulf of Mexico, and requires the application of the substantive law of the adjacent state, which in this case is the State of Louisiana. 43 U.S.C. § 1333." (Plaintiffs' First Amended Petition ¶9). According to Plaintiffs, the incident involved a deep water oil production project in the Gulf of Mexico known as "Big Foot."[1] (Plaintiffs' First Amended Petition ¶10). The Big Foot Project utilized an extended tension-leg platform ("TLP") held in position by 16 tendons latched to piles on the sea floor. (Plaintiffs' First Amended Petition ¶¶ 11-12). Other details of the TLP construction are included in Plaintiffs' First Amended Petition ¶¶ 13-14. Plaintiffs contend that Defendant

---

[1] FloaTEC would note that "[t]he U.S. Coast Guard classified Big Foot as a 'Floating Outer Continental Shelf [OCS] Facility' pursuant to 33 C.F.R. §143.120, and stated in an e-mail that 'as a non self-propelled vessel,' it must be towed to its resting spot on the OCS." *Baker v. Director, Office of Workers' Compensation Programs*, 2016 WL 4427111, *1 (5th Cir. Aug. 19, 2016).

FloaTEC "provided the engineering design and analysis for the pre-service conditions to which the tendons, TBM's [tendon buoyance module], and associated parts would be subjected, including strength and fatigue calculations and tendon clashing analysis." (Plaintiffs' First Amended Petition ¶17). Plaintiffs contend that after installation of all 16 tendons, but prior to the tendons being connected to the TLP, three tendons fell to the seafloor, and six more tendons were lost in the same way over the next several days. (Plaintiffs' First Amended Petition ¶¶18-19). Plaintiffs claim that inspection revealed that the TBMs had separated from each of the nine tendons due to failures in the bolts in the bolted flanges connecting the clamps to the lower buoyancy units and contend that under-design was the cause of the bolt failure. (Plaintiffs' First Amended Petition ¶20).

13. The jurisdictional grant under OCSLA provides that "district courts of the United States shall have jurisdiction of the cases and controversies arising out of, or in connection with (A) any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. §1349(b)(1).

14. OCSLA defines "minerals" as including "oil, gas, sulphur, giopressured–geothermal and associated resources." 43 U.S.C. §1331(q). "Exploration" is the "process of searching for minerals, including… (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. §1331(k), (l).

15. The State Court Action arises out of, and has a connection with, an operation that was conducted on the Outer Continental Shelf within the meaning of 43 U.S.C. §1331(a) and

5

§1301(a), and that "involves exploration, development, or the production of minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. §1349(b)(1).

16. Plaintiffs' First Amended Petition alleges facts that the occurrence in question arose out of construction of an offshore oil and gas facility on the Outer Continental Shelf in the Gulf of Mexico. (Plaintiffs' First Amended Petition ¶9).

17. In sum, Plaintiffs' First Amended Petition alleges claims arising out of development, exploration and drilling operations on the Outer Continental Shelf. Had Plaintiffs not been involved in development, exploratory and drilling operations on the Outer Continental Shelf, Plaintiffs would have had no occasion to file the Petition at stake in this case.

18. Accordingly, this Court has jurisdiction over the underlying claims pursuant to 43 U.S.C.§1349(b)(1)(A), which by its terms grants, United States District Courts a broad span of jurisdiction to decide any action "arising out of, or in connection with" exploration and drilling operations on the Shelf.

**B.   The Convention on the Recognition and Enforcement of Foreign Arbitral Awards Provides a Basis for Removal.**

19. The district courts of the United States of America have original jurisdiction over claims and proceedings in which (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. 9 U.S.C. §201, *et seq*.

20. In this instance, the duties that Plaintiffs' allege that FloaTEC breached emanated from a contract between FloaTEC and Plaintiffs' subrogee Chevron U.S.A., Inc. That contract contains a valid and enforceable arbitration agreement which calls for arbitration in the United

...

States which is a signatory of the Convention. Plaintiffs who are seeking to hold FloaTEC liable are insurance companies organized and registered under the laws of the United Kingdom, United States and other foreign nations.

21. FloaTEC would submit that the requirements for jurisdiction pursuant to the Convention over this matter have been satisfied.

## VENUE IS PROPER IN THIS COURT

22. Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the District Court for the Southern District of Texas, Houston Division is the district and division within which the State Court Action is pending.

## EFFECTUATION OF REMOVAL

23. Defendant FloaTEC hereby removes this matter to the United States District Court for the Southern District of Texas, Houston Division.

24. The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

25. Defendant FloaTEC reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

26. By virtue of this Notice of Removal, FloaTEC does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

## REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

27. If Plaintiffs contest this removal, Defendant requests a hearing regarding this Court's jurisdiction over, and the propriety of removal of this matter.

## JURY DEMAND

28. Plaintiff did demand a jury in the state court action. Defendant also demands a jury trial.

WHEREFORE, Defendant, FloaTEC LLC d/b/a FloaTEC Solutions LLC, hereby removes this action to the United States District Court for the Southern District of Texas, Houston, Division.

Respectfully submitted:

FRILOT L.L.C.

*/s/Andrew S. de Klerk*
Andrew S. de Klerk (LA 1045)
Attorney-in-Charge
Federal I.D. No. 31121
T. Patrick O'Leary (LA 30655)
Federal I.D. No. 1515080
Brandon K. Thibodeaux (LA 32725)
Federal I.D. No. 1515072
3700 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
504/599-8010 Phone
504/599-8110 Fax
adeklerk@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
**ATTORNEYS FOR DEFENDANT, FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC**

**OF COUNSEL:**
Ronald L. Bair
TBN: 01554900
FBN: 6173
Wendi R. Ervin
TBN: 06651220
FBN: 13873
14711 Pebble Bend Drive
Houston, Texas  77068
Telephone:  (713)862-5599
Facsimile:   (713)868-9444
Email: rbair@bairhilty.com
Email: wervin@bairhilty.com
**ATTORNEYS FOR DEFENDANT,
FLOATEC LLC D/B/A
FLOATEC SOLUTIONS LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 13th day of October, 2016, a copy of the Notice of Removal was served on all parties or counsel of record via email or by placing a copy of same in the United States mail, postage paid and properly addressed.

                                                  */s/Andrew S. de Klerk*