9/27/2016 10:10:34 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12917063
By: bradley darnell
Filed: 9/27/2016 10:10:34 AM

CAUSE NO.   201635355

RECEIPT NO.

**********                    0.00        ATY

TR # 73284852

PLAINTIFF: CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE
         vs.
DEFENDANT: HEEREMA MARINE CONTRACTORS NEDERLAND BV

In The    234th
Judicial District Court
of Harris County, Texas
234TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: FLOATEC LLC  (D/B/A FLOATEC SOLUTION LLC) (A DELAWARE LIMITED
    LIABILITY COMPANY) BY SERVING ITS REGISTERED AGENT
    CT COPORATION SYSTEM
    1999  BRYAN STREET   DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFF'S FIRST AMENDED PETITION

This instrument was filed on the 31st day of May, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of September, 2016, under my hand and
seal of said Court.

Issued at request of:
HALL, JAMES C. III
2800  POST OAK BLVD., STE. 6400

HOUSTON, TX  77056
Tel: (713) 871-9800
Bar No.: 793204

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HILL, MARCELLA DIANA  DBG//10398912

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 5:15 o'clock P.M., on the 21ST day of SEPTEMBER, 2016,
Executed at (address) 1999 BRYAN ST., STE 900, DALLAS TX 75201 in
DALLAS County at 10:36 o'clock A.M., on the 22ND day of SEPTEMBER,
2016, by delivering to TERRI A. THONGSAVAT SOF INTAKE ASSOCIATE,
CT CORP. REGISTERED AGENT defendant, in person, a
FOR FLOATEC LLC
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 22ND day of SEPTEMBER, 2016.

FEE: $

Richard Bombet
RICHARD BOMBET - SCH 221
EXPIRES 7/31/2017
Affiant

_____ of _____ County, Texas

By _____
         Deputy

On this day, Richard Bombet, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 22ND day of September, 2016.



I. CAPPEL
Notary Public, State of Texas
My Commission Expires
November 12, 2018

Notary Public



EXHIBIT
A

N.INT.CITR.P                    *73284852*

Certified Document Number: 71009269 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:        72059269

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

## CIVIL PROCESS REQUEST

9/2/2016 2:48:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12521045
By: Marcella Hill
Filed: 9/2/2016 2:48:49 PM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2016-35355                 **CURRENT COURT:** 234th Judicial District

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): __Plaintiffs' Amended Petition__

**FILE DATE OF MOTION:** ___May 31, 2016___
                                              Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: __FloaTEC LLC__

    ADDRESS: __14701 St. Mary's Lane, Suite 250, Houston Texas__

    AGENT, *(if applicable):* __CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136__ (Suite 900)

    **TYPE OF SERVICE/PROCESS TO BE ISSUED** *(see reverse for specific type):* Citation by serving registered agent for service of process at registered agent's address listed above.

    **SERVICE BY** *(check one):*
    - [X] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
    - [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
    - [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
    - [ ] **PUBLICATION:**
        Type of Publication:  [ ] **COURTHOUSE DOOR, or**
                              [ ] **NEWSPAPER OF YOUR CHOICE:** _____
    - [ ] **OTHER,** *explain* _____

    *************************************************************************************

    ****

2.  NAME: _____

    ADDRESS: _____

    AGENT, *(if applicable):* _____

    **TYPE OF SERVICE/PROCESS TO BE ISSUED** *(see reverse for specific type):* _____

    **SERVICE BY** *(check one):*
    - [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
    - [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
    - [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
    - [ ] **PUBLICATION:**
        Type of Publication:  [ ] **COURTHOUSE DOOR, or**
                              [ ] **NEWSPAPER OF YOUR CHOICE:** _____
    - [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: __Karen K. Milhollin__                TEXAS BAR NO./ID NO. __00790180__

MAILING ADDRESS: __Hall Maines Lugrin, P.C., 2800 Post Oak Blvd., 64th Floor, Houston, Texas 77056__

PHONE NUMBER: __713__      __871-9000__              FAX NUMBER: __713__      __871-8962__
                  area code    phone number                          area code    fax number

EMAIL ADDRESS: __kmilhollin@hallmaineslugrin.com__

CIV/C108 Revised 8/2/00

Certified Document Number: 71757323 - Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
                              (specify)

MOTION TO: _____
                              (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC308 Revised 9/3/99

Certified Document Number: 71757323 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:       71757323

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED _WC_

## Civil Process Pick-Up Form

### CAUSE NUMBER: _2016-35355_

ATY _____       CIV _____   COURT _234_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY:** _Milhollin, Karen K_ PH: _713-871-9000_ |
| **\*CIVIL PROCESS SERVER:** _____ |
| **\*PH:** _____ |
| **\*PERSON NOTIFIED SVC READY:** _Left VM for Tricia_ |
| **\* NOTIFIED BY:** _Marcella Hill_ |
| **DATE:** _9-7-16  9:15am_ |

Type of Service Document: _Cit_    Tracking Number _73284852_
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____

Process papers prepared by: **Marcella Hill**

Date: _9-6-_ 2016   30 days waiting _10-6-16_

| |
|---|
| **\*Process papers released to:** _Barnard Henderson_ |
| (PRINT NAME) |
| _713 869-7575_    _Signature_ |
| **\*(CONTACT NUMBER)**    (SIGNATURE) |
| **\*Process papers released by:** _A. Sulis_ |
| (PRINT NAME) |
| _A.S._ |
| (SIGNATURE) |
| **\* Date:** _9/7/2016_ , 2016  Time: _10:11_ (AM)/ PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014

CONFIRMED FILE DATE: 9/6/2016

Certified Document Number: 18286520 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:      71828620

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

## 2016-35355 / Court: 234

5/27/2016 5:00:21 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10877084
By: Bonnie Lugo
Filed: 5/27/2016 5:00:21 PM

CAUSE NO. _____

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as subrogees of CHEVRON U.S.A. INC., specifically identified as, LLOYD'S SYNDICATES 457, 1036, 1084, 1209, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO. LTD., INTERNATIONAL INS. CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD., and ZURICH INSURANCE PLC UK | § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § § | |
| v. | § § | |
| HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., MCDERMOTT INC., DETAIL DESIGN INC., and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC | § § § § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Certain Underwriters at Lloyd's London and Certain Insurance Companies,

severally subscribing to an Offshore Construction Risk Policy No. B0823EE110211, more

specifically described below (and collectively referred to as "Underwriters"), individually and as

422039

Certified Document Number: 70439941 - Page 1 of 14



EXHIBIT
B

subrogees of Chevron U.S.A. Inc., file this complaint against Heerema Marine Contractors Nederland BV, Heerema Marine Contractors U.S. Inc., McDermott Inc., Detail Design Inc., and FloaTEC LLC d/b/a FloaTEC Solutions LLC.

## A.    Discovery Control Plan

1.    Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## B.    Claim for Relief

2.    Plaintiffs seek damages within the jurisdictional limits of the court and monetary relief over $1,000,000, pursuant to Texas Rule of Civil Procedure 47(c)(4).

## C.    Parties

3.    Plaintiffs Certain Underwriters at Lloyd's London are underwriting syndicates 457, 1036, 1084, 1209, 1225, 1274, 1919, 2001, 2987, 3010, 4020 and 5000, which are unincorporated juridical entities organized and registered under the laws of the United Kingdom or other foreign nations. Plaintiffs Certain Insurance Companies are Arch Insurance Co. (Europe) Ltd., Axis Specialty Europe Ltd., General Security Indemnity Co., Houston Casualty Co., Hyundai Marine & Fire Insurance Co., International General Insurance Co. Ltd., International Ins. Co. of Hannover Ltd., Infrassure Ltd., Lancashire Insurance Co. (UK) Ltd., Mitsui Sumitomo Insurance Co., Sompo Japan Insurance Inc., Statoil Forsikring A.S., Tokio Marine & Nichido Fire Insurance Co. Ltd., and Zurich Insurance Plc UK, which are companies organized or incorporated under the laws of the United States of America, the United Kingdom, or other foreign nations. Plaintiff Underwriters subscribe severally to an Offshore Construction Risk Policy No. B0823EE110211 (the "Policy"), under which Chevron U.S.A. Inc., Statoil Gulf of

Certified Document Number: 7043941 - Page 2 of 14

Mexico LLC, and Marubeni Oil & Gas (USA) Inc. are named as principal assureds. Chevron U.S.A. Inc. has made claims under the policy on behalf of itself and as the representative of the other principal assureds, which claims have been paid by the Underwriters, and the Underwriters are partially subrogated to those causes of action and claims for relief pleaded on behalf of Chevron and the other principal assureds.

4.      Defendant Heerema Marine Contractors Nederland BV is a company organized and existing under the laws of the Netherlands, with its registered office at Vondellaan 55, 2332 AA, Leiden, The Netherlands. It does business in the United States and in Houston, Texas through its affiliated company, Defendant Heerema Marine Contractors U.S. Inc., and the lawsuit arises out of Heerema's business in Houston, Texas. Heerema Marine Contractors Nederland BV may be served with process by serving the Texas Secretary of State as the agent for service on a nonresident company doing business in Texas that does not maintain its own office and does not have a designated agent for service of process, pursuant to Tex. Civ. Pr. & Rem. Code § 17.044(b). Heerema Marine Contractors U.S. Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Heerema Marine Contractors U.S. Inc. may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

5.      Defendant McDermott Inc. is a Delaware corporation doing business in Texas with its corporate headquarters and principal place of business located at 757 N. Eldridge Parkway, Houston, Texas 77079. McDermott may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

422039

Certified Document Number: 70439941 - Page 3 of 14

6. Defendant Detail Design Inc. ("DDI") is a Texas corporation with its corporate headquarters and principal place of business located at 12125 Ann Lane, Houston, Texas 77064. DDI may be served through its registered agent for service of process, Arthur Nelson Curl Jr., 12125 Ann Lane, Houston, Texas 77064.

7. Defendant FloaTEC LLC is a Delaware limited liability company and does business in Texas under the registered name FloaTEC LLC d/b/a FloaTEC Solutions LLC ("FloaTEC"). Its corporate headquarters and principal place of business is located at 14701 St. Mary's Lane, Suite 250, Houston Texas. FloaTEC LLC d/b/a FloaTEC Solutions LLC may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

### D. Jurisdiction & Venue

8. There is jurisdiction over Plaintiffs' claims because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

9. Venue is proper in Harris County pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas, under Section 15.002(a)(3) because Harris County is the county of the principal office for Defendants McDermott, Heerema Marine Contractors U.S. Inc., DDI, and FloaTEC, and under Section 15.005.

10. The incident involves the construction of an offshore oil and gas facility in the Walker Ridge Area, Block 29, on the Outer Continental Shelf in the Gulf of Mexico, and requires the application of the substantive law of the adjacent state, which in this case is the State of Louisiana. 43 U.S.C. § 1333.

Certified Document Number: 70439941 - Page 4 of 14

### E.     Facts

11.      Chevron U.S.A. Inc. ("Chevron") is a Pennsylvania corporation with its principal place of business in San Ramon, California. Chevron is the operator and a working interest owner of a deep water oil production project in the Gulf of Mexico known as "Big Foot." Statoil Gulf of Mexico LLC and Marubeni Oil & Gas (USA) Inc. are co-working interest owners with Chevron for the Big Foot project. Chevron's Houston office had primary responsibility for construction of the Big Foot facility.

12.      The Big Foot project will utilize an extended tension-leg platform ("TLP") which, when fully installed, will rest in a water depth of approximately 5,200 feet.

13.      The TLP is held in position by 16 tendons (4 on each corner of the TLP) that are latched to piles on the seafloor. The tendons extend from the seafloor to just below sea level. Each tendon consists of pre-fabricated joints which are connected together during deployment using tendon connectors. The tendons are also fitted with VIV suppression strakes to disrupt VIV and mitigate harmful fatigue loading.

14.      In order to provide stability to the tendons in the pre-service phase until their connection to the TLP, each tendon is supported by a tendon buoyancy module ("TBM"). The TBMs are temporary installation equipment. Each TBM consists of two steel buoyancy units, one clamp unit and one centralizer unit. Once fully assembled, each TBM is approximately 78 feet high and 26 feet in diameter and weighs about 135 tons.

15.      The clamp unit is located at the bottom of the TBM and is used to clamp the TBM to a forged ring on the tendon. The centralizer unit is located at the top of the TBM and is used to centralize the TBM on the tendon. The buoyancy units each have three individual

422039

Certified Document Number: 70439941 - Page 5 of 14

chambers that are filled with air to provide buoyancy. The chambers are open to the environment to provide balance with the hydrostatic seawater pressure. The respective units are held together by horseshoe-shaped, bolted-flange connections, each of which uses 12 bolts to hold the flanges together.

16.     In late January 2015, Heerema Marine Contractors Nederland B.V., acting in conjunction with its United States affiliate Heerema Marine Contractors U.S. Inc. (collectively "Heerema"), began installation of the tendons at the Big Foot site. Defendant Heerema was responsible for transportation, fabrication and installation of the facility, including engineering design and analysis of the installation, and for engineering design, analysis and fabrication of temporary installation equipment.

17.     Defendant McDermott was responsible for procuring and fabricating the TBM buoyancy, clamp and centralizer units, and for assembling the TBMs, including attaching the clamp unit to the lower buoyancy unit by installing the 12 bolts.

18.     Defendant DDI designed the TBM buoyancy, clamp and centralizer units and provided specifications and drawings to McDermott and Heerema for the TBM, including specifying the bolts to be used to connect the clamp unit to the lower buoyancy unit and the torque to be applied to those bolts during TBM assembly.

19.     Defendant FloaTEC provided the engineering design and analysis for the pre-service conditions to which the tendons, TBMs and associated parts would be subjected, including strength and fatigue calculations and tendon clashing analysis.

20.     In May 2015, Heerema completed the installation of all 16 tendons into their respective piles on the seafloor such that all 16 tendons were in their pre-service configuration.

422039

Certified Document Number: 70439941 - Page 6 of 14

21.     On May 29, 2015, prior to the tendons being connected to the TLP, three tendons fell to the seafloor. Over the next several days, six more tendons were lost in the same manner. The seven remaining tendons and TBMs were reverse-installed and returned to shore.

22.     Inspection of the debris from the fallen tendons showed that the TBMs had separated from each of the nine tendons due to failures of the bolts in the bolted flanges connecting the clamp units to the lower buoyancy units. After the collapse of the nine tendons, all clamp assemblies belonging to the collapsed TBMs were found resting on the sea floor, separated from the TBMs and surrounded by broken bolts. Subsequent investigation identified under-design as the cause of the bolt failure due to failure to account for static load from offsets caused by loop eddy currents, and for fatigue load from "VIM" and vibration, among other contributing factors.

23.     DDI failed to perform adequate analyses or estimates of the bolt loads, and provided inadequate and defective specifications for the bolts to McDermott, including creating and providing designs calling for a specific type of bolt which did not exist, and specifying a torque value for bolt assembly that was inappropriate. These failures resulted in substantial damage to the tendons.

24.     McDermott, when integrating the clamp mechanism to the TBM, selected and procured bolts that deviated from the specification provided by DDI. The bolts selected by McDermott had a yield-strength substantially lower than that specified in the design specification. The bolts selected by McDermott failed, resulting in substantial damage to the tendons.

422039

25.     FloaTEC failed to adequately account for compression of air in the TBMs and drag resulting from VIM and vibration in the tendons which caused large loads on the bolts. FloaTEC failed to include sufficient VIV-suppression in the tendon design to dampen or eliminate VIV, which led to fatigue cracks. FloaTEC also failed to provide design and fatigue loads for the TBM design. These failures resulted in substantial damage to the tendons.

26.     Heerema failed to properly oversee, supervise, inspect and manage the activities and installation of McDermott, FloaTEC and DDI, and Heerema authorized installation of the tendons and the removal of spacer wires maintaining separation between tendons, despite the presence of deteriorating weather and severe loop eddies that contributed to the installation failure.

27.     As a result of the incident beginning on May 29, 2015, Chevron has incurred, and will continue to incur, millions of dollars in property damage and economic losses from the extended delay in completing installation of the TLP at the Big Foot site.

28.     Plaintiff Underwriters insure Chevron, Statoil, and Marubeni for the Big Foot project under an Offshore Construction Risk Policy No. B0823EE110211. Chevron has made claims and continues to make claims under the policy on behalf of itself, and as the representative of the other working interest owners, for losses and damages resulting from the tendon failure incident at the Big Foot site. Underwriters have paid in excess of $96 million in losses and damages to Chevron and are partially subrogated to those causes of action and claims for relief pleaded on behalf of Chevron and the other principal assureds.

Certified Document Number: 70439941 - Page 8 of 14

### F.        Causes of Action

29.        The foregoing paragraphs are incorporated by reference.

### Count I – Negligence

30.        In the ordinary course of their business, Defendants owed a duty to Chevron to exercise reasonable care, competence, and skill in, among other things (a) manufacturing, designing, fabricating, procuring, transporting and installing the Big Foot facility, (b) providing professional services and advice for the correct and proper specifications, design, construction, fabrication, procurement, transportation and installation of the facility, (c) detecting and remedying any inadequacies, deficiencies, deviations, flaws or defects in the design, construction, fabrication, procurement and installation of the facility, and (d) warning Chevron of any potential deficiencies, deviations, flaws, defects and dangers regarding the same.

31.        Defendants breached their duties by, among other things, the acts and omissions specified in paragraphs 23 through 28, and their errors and omissions fell far short of the required standard of care and constitute negligence.

32.        Defendants' negligence, both individually, and jointly and severally, was a proximate cause of the nine tendons collapsing to the seafloor and the foreseeable damages to Chevron and Chevron's Underwriters caused by the loss of the tendons, including but not limited to, costs to retrieve and store standing tendons and to replace and reinstall all of the lost tendons and TBMs. The damages that resulted were foreseeable and of the type and magnitude that would be expected from such a failure, and Underwriters are entitled to recover all damages allowed by law.

422039

Certified Document Number: 70439941 - Page 9 of 14

**Count II – Gross Negligence**

33.     The foregoing paragraphs are incorporated by reference.

34.     Defendants manufactured, designed, fabricated, procured, transported and installed the Big Foot facility, and provided professional services and advice for specifications, design, construction, fabrication, procurement, transportation and installation of the facility, knowing, or having reason to know, that there were inadequacies, deficiencies, deviations, flaws or defects in the design, construction, fabrication, procurement and installation of the facility, and knowing that the products and services provided were for a specific marine environment in a multi-million dollar, deep water offshore oil-and-gas facility.

35.     Given the magnitude of the safety, environmental and financial risks posed by a failure to the tendons, TBMs, clamp assemblies, bolts, connectors and other devices, and the likelihood of damage or failure of attempted installation during a period of unfavorable weather and severe loop eddies, Defendants willfully (a) failed to exercise due care and diligence, (b) acted in the absence of care and in utter disregard of the dictates of prudence and the exercise of ordinary care, and (c) acted in wanton and reckless disregard for public safety and the rights of others, including, specifically, Chevron and Underwriters.

36.     The acts and omissions specified in paragraphs 23 through 32, objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including, specifically, Chevron and Underwriters.

37.     Defendants had actual, subjective awareness of the risks involved, but nevertheless acted with conscious indifference to the rights, safety, or welfare of others, including, specifically, Chevron and Underwriters.

422039

ertified Document Number: 70439941 - Page 10 of 14

38.     Defendants' gross negligence proximately caused Chevron and Underwriters to sustain damages and Underwriters are entitled to recover punitive damages.

### Count III – Products Liability

39.     The products provided by Defendants fall within the meaning of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.53(3), and other any other applicable law, and Defendants qualify as "manufacturers" under the statute for the products produced, fabricated, constructed, or designed by them.

40.     The products provided by Defendants were unreasonably dangerous in construction, composition and design, as alleged in paragraphs 24 through 30, because at the time the products left control of Defendants, the products deviated in a material way from required specifications and applicable industry and performance standards, were unreasonably dangerous in design because alternative designs were available that would have prevented the damage, and lacked adequate warnings.

41.     Defendants had a legal duty to use due care, competence, skill and reasonable caution under the circumstances, equivalent to that employed by a reasonable and prudent person, in designing, manufacturing, and marketing their products. The dangers were known or should have been known through the application of reasonably developed human skill and foresight.

42.     Defendants breached their duties by, among other things, the acts and omissions specified in paragraphs 23 through 28, proximately causing damages to Chevron and Underwriters, entitling Underwriters to recover damages.

422039

Certified Document Number: 70439941 - Page 11 of 14

43.     To the extent any Defendant is deemed not to be a product manufacturer, that Defendant undertook an independent review of the adequacy of design structure, fabrication, operation, mechanics and testing of the Big Foot facilities, including but not limited to the design, fabrication, construction and manufacture of the TBMs, tendons, connectors, bolted flange assembly, clamp assembly and centralizer assembly of the TBMs, and made written representations about the fitness and utility of the products to Chevron and others, and those entities reasonably relied to their detriment upon the representations, certifications and verifications in this regard when they put the products into service.

44.     Chevron and Underwriters have suffered damages as a result of Defendants' breach of their legal duties, and Underwriters are entitled to recover damages.

### Count IV – Redhibition

45.     The allegations of paragraphs 23 through 44 are incorporated.

46.     Defendants breached the warranty against redhibitory defects in their products because the defects in their products existed at the time of delivery and rendered the products useless, or their use so inconvenient, that it must be presumed that Chevron would not have purchased or used the products had it known of the defects.

47.     Defendants had reason to know the particular use that Chevron intended for the products, the particular purpose for obtaining them, and that Chevron was relying on the skill and professional judgment of the Defendants in selecting, manufacturing and marketing their products.

48.     Defendants had reason to know, or should have known, that their products were not fit for the intended use or particular purpose.

422039

49.     Defendants' breach of the warranties against redhibitory defects caused damage to Chevron and Underwriters, and Underwriters are entitled to all recoverable damages, including damage to and loss of use of the products, the purchase price plus interest, consequential damages, attorneys fees, and any other recoverable damage.

### Conditions Precedent

50.     All conditions precedent to Plaintiffs' claims have been performed, or have occurred.

### Attorneys' Fees

51.     Plaintiffs are entitled to their attorneys fees for the prosecution of this action and are entitled to recover those fees under Louisiana law pursuant to their claims for redhibition and under the LPLA, and under any other applicable law or statute.

### Jury Demand

52.     Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

### Prayer

Plaintiffs request that the Court issue citation upon Defendants and they be required to appear and answer, that judgment be entered in Plaintiffs' favor for all of their actual damages, prejudgment and postjudgment interest, all court costs and expenses, reasonable and necessary attorneys fees, and all other relief to which Plaintiffs are entitled.

Dated:      May 27, 2016.

Respectfully submitted,

**Hall Maines Lugrin, P.C.**

By:      /s/ J. Clifton Hall III
          J. Clifton Hall III

422039

Certified Document Number: 70439941 - Page 13 of 14

**Attorney-in-Charge**
**Texas Bar No. 00793204**
Claude L. Stuart III
Texas Bar No. 19426620
Karen K. Milhollin
Texas Bar No. 00790180
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas 77056-6125
Telephone: (713) 871-9000
Telecopier: (713) 871-8962
chall@hallmaineslugrin.com
cstuart@hallmaineslugrin.com
kmilhollin@hallmaineslugrin.com
*Attorneys for Plaintiffs*

422039

Certified Document Number: 70439941 - Page 14 of 14



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:        70439941.

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

5/27/2016 5:00:21 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10877084
By: LUGO, BONNIE
Filed: 5/27/2016 5:00:21 PM

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 2016-35355 / Court: 234 COURT (FOR CLERK USE ONLY):

STYLED CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, INDIVIDUALLY AND AS SUBROGEES OF CHEVRON U.S.A. INC., SPECIFICALLY IDENTIFIED AS: LLOYD'S SYNDICATES 457, 1036, 1084, 1209, 1225, 1274, 1919. 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO. LTD., INTERNATIONAL INS: CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD., AND ZURICH INSURANCE PLC UK V. HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., MCDERMOTT INC., DETAIL DESIGN INC., AND FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: J. Clifton Hall, III | Email: chall@hallmaineslugrin.com | Plaintiff(s)/Petitioner(s): See Additional Page | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 2800 Post Oak Blvd, Suite 6400 | Telephone: (713) 871-9000 | _____ _____ Defendant(s)/Respondent(s): | Additional Parties in Child Support Case: Custodial Parent: |
| City/State/Zip: Houston, Texas 77056 | Fax: (713) 871-8962 | _____ _____ | Non-Custodial Parent: |
| Signature: s/ J. Clifton Hall III | State Bar No: 00793204 | _____ [Attach additional page as necessary to list all parties] | Presumed Father: |

2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | | ☐ Enforcement/Modification |
| | ☐ Legal | ☐ Other Property: | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | | ☐ Support Order |
| ☐ Other Foreclosure | Liability: _____ | | | | |
| ☐ Franchise | ☐ Motor Vehicle Accident | **Related to Criminal Matters** | **Other Family Law** | | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Premises | ☐ Expunction | ☐ Enforce Foreign | | ☐ Adoption/Adoption with |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Judgment Nisi | Judgment | | Termination |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Non-Disclosure | ☐ Habeas Corpus | | ☐ Child Protection |
| ☐ Partnership | ☒ Other Product Liability | ☐ Seizure/Forfeiture | ☐ Name Change | | ☐ Child Support |
| ☐ Other Contract: | List Product: Offshore Construction | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Protective Order | | ☐ Custody or Visitation |
| | | ☐ Other: _____ | ☐ Removal of Disabilities of Minority | | ☐ Gestational Parenting |
| | ☒ Other Injury or Damage: Negligence | | ☐ Other: _____ | | ☐ Grandparent Access |
| | | | | | ☐ Paternity/Parentage |
| | | | | | ☐ Termination of Parental Rights |
| | | | | | ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | | |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: _____ | | | |
| | ☐ Intellectual Property | | | | |

| | | |
|---|---|---|
| ☒ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☒ Guardianship—Adult |
| ☒ Tax Delinquency | ☒ Dependent Administration | ☒ Guardianship—Minor |
| ☒ Other Tax | ☒ Independent Administration | ☒ Mental Health |
| | ☒ Other Estate Proceedings | ☒ Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*.**

| | | |
|---|---|---|
| ☒ Appeal from Municipal or Justice Court | ☒ Declaratory Judgment | ☒ Prejudgment Remedy |
| ☒ Arbitration-related | ☒ Garnishment | ☒ Protective Order |
| ☒ Attachment | ☒ Interpleader | ☒ Receiver |
| ☒ Bill of Review | ☒ License | ☒ Sequestration |
| ☒ Certiorari | ☒ Mandamus | ☒ Temporary Restraining Order/Injunction |
| ☒ Class Action | ☒ Post-judgment | ☒ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

Certified Document Number: 70439942 - Page 2 of 3

CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES
SUBSCRIBING TO POLICY B0823EE110211, individually and as subrogees of CHEVRON U.S.A.
INC., specifically identified as,
LLOYD'S SYNDICATES 457
1036
1084
1209
1225
1274
1919
2001
2987
3010
4020
5000
ARCH INSURANCE CO. (EUROPE) LTD.
AXIS SPECIALTY EUROPE LTD.
GENERAL SECURITY INDEMNITY CO.
HOUSTON CASUALTY CO.
HYUNDAI MARINE & FIRE INSURANCE CO.
INFRASSURE LTD.
INTERNATIONAL GENERAL INSURANCE CO. LTD.
INTERNATIONAL INS. CO. OF HANNOVER LTD.
LANCASHIRE INSURANCE CO. (UK) LTD.
MITSUI SUMITOMO INSURANCE CO.
SOMPO JAPAN INSURANCE INC.
STATOIL FORSIKRING A.S.
TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD.
ZURICH INSURANCE PLC UK

                    Plaintiffs,

v.

HEEREMA MARINE CONTRACTORS NEDERLAND BV
HEEREMA MARINE CONTRACTORS U.S. INC.
MCDERMOTT INC.
DETAIL DESIGN INC.
FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC

                    Defendants.

Certified Document Number: 70439942 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:       70439942

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

5/31/2016 5:01:25 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10902260
By: Carla Carrillo
Filed: 5/31/2016 5:01:25 PM

CAUSE NO. 2016-35355

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as subrogees of CHEVRON U.S.A. INC., specifically identified as, LLOYD'S SYNDICATES 457, 1036, 1084, 1209, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO. LTD., INTERNATIONAL INS. CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., NATIONAL UNION FIRE INS. CO. OF PITTSBURG, PA, SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD., and ZURICH INSURANCE PLC UK | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | |
| HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., MCDERMOTT INC., and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC | § § § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § § | 234TH JUDICIAL DISTRICT |

## PLAINTIFFS' AMENDED PETITION

Plaintiffs Certain Underwriters at Lloyd's London and Certain Insurance Companies, severally subscribing to an Offshore Construction Risk Policy No. B0823EE110211, more

422585


EXHIBIT C

Certified Document Number: 70507207 - Page 1 of 13

Certified Document Number: 70507207 - Page 2 of 13

specifically described below (and collectively referred to as "Underwriters"), individually and as subrogees of Chevron U.S.A. Inc., file this complaint against Heerema Marine Contractors Nederland BV, Heerema Marine Contractors U.S. Inc., McDermott Inc., and FloaTEC LLC d/b/a FloaTEC Solutions LLC.

### A.    Discovery Control Plan

1.    Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### B.    Claim for Relief

2.    Plaintiffs seek damages within the jurisdictional limits of the court and monetary relief over $1,000,000, pursuant to Texas Rule of Civil Procedure 47(c)(4).

### C.    Parties

3.    Plaintiffs Certain Underwriters at Lloyd's London are underwriting syndicates 457, 1036, 1084, 1209, 1225, 1274, 1919, 2001, 2987, 3010, 4020 and 5000, which are unincorporated juridical entities organized and registered under the laws of the United Kingdom or other foreign nations. Plaintiffs Certain Insurance Companies are Arch Insurance Co. (Europe) Ltd., Axis Specialty Europe Ltd., General Security Indemnity Co., Houston Casualty Co., Hyundai Marine & Fire Insurance Co., International General Insurance Co. Ltd., International Ins. Co. of Hannover Ltd., Infrassure Ltd., Lancashire Insurance Co. (UK) Ltd., Mitsui Sumitomo Insurance Co., National Union Fire Insurance Co. of Pittsburgh PA, Sompo Japan Insurance Inc., Statoil Forsikring A.S., Tokio Marine & Nichido Fire Insurance Co. Ltd., and Zurich Insurance Plc UK, which are companies organized or incorporated under the laws of the United States of America, the United Kingdom, or other foreign nations. Plaintiff Underwriters

422585

subscribe severally to an Offshore Construction Risk Policy No. B0823EE110211 (the "Policy"), under which Chevron U.S.A. Inc., Statoil Gulf of Mexico LLC, and Marubeni Oil & Gas (USA) Inc. are named as principal assureds. Chevron U.S.A. Inc. has made claims under the policy on behalf of itself and as the representative of the other principal assureds, which claims have been paid by the Underwriters, and the Underwriters are partially subrogated to those causes of action and claims for relief pleaded on behalf of Chevron and the other principal assureds.

4.      Defendant Heerema Marine Contractors Nederland BV is a company organized and existing under the laws of the Netherlands, with its registered office at Vondellaan 55, 2332 AA, Leiden, The Netherlands. It does business in the United States and in Houston, Texas through its affiliated company, Defendant Heerema Marine Contractors U.S. Inc., and the lawsuit arises out of Heerema's business in Houston, Texas. Heerema Marine Contractors Nederland BV may be served with process by serving the Texas Secretary of State as the agent for service on a nonresident company doing business in Texas that does not maintain its own office and does not have a designated agent for service of process, pursuant to Tex. Civ. Pr. & Rem. Code § 17.044(b). Heerema Marine Contractors U.S. Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Heerema Marine Contractors U.S. Inc. may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

5.      Defendant McDermott Inc. is a Delaware corporation doing business in Texas with its corporate headquarters and principal place of business located at 757 N. Eldridge Parkway, Houston, Texas 77079. McDermott may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

422585

ertified Document Number: 70507207 - Page 3 of 13

6.      Defendant FloaTEC LLC is a Delaware limited liability company and does business in Texas under the registered name FloaTEC LLC d/b/a FloaTEC Solutions LLC ("FloaTEC"). Its corporate headquarters and principal place of business is located at 14701 St. Mary's Lane, Suite 250, Houston Texas. FloaTEC LLC d/b/a FloaTEC Solutions LLC may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

### D.      Jurisdiction & Venue

7.      There is jurisdiction over Plaintiffs' claims because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

8.      Venue is proper in Harris County pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas, under Section 15.002(a)(3) because Harris County is the county of the principal office for Defendants McDermott, Heerema Marine Contractors U.S. Inc., and FloaTEC, and under Section 15.005.

9.      The incident involves the construction of an offshore oil and gas facility in the Walker Ridge Area, Block 29, on the Outer Continental Shelf in the Gulf of Mexico, and requires the application of the substantive law of the adjacent state, which in this case is the State of Louisiana. 43 U.S.C. § 1333.

### E.      Facts

10.      Chevron U.S.A. Inc. ("Chevron") is a Pennsylvania corporation with its principal place of business in San Ramon, California. Chevron is the operator and a working interest owner of a deep water oil production project in the Gulf of Mexico known as "Big Foot." Statoil

Certified Document Number: 70507207 - Page 4 of 13

Gulf of Mexico LLC and Marubeni Oil & Gas (USA) Inc. are co-working interest owners with Chevron for the Big Foot project. Chevron's Houston office had primary responsibility for construction of the Big Foot facility.

11.     The Big Foot project will utilize an extended tension-leg platform ("TLP") which, when fully installed, will rest in a water depth of approximately 5,200 feet.

12.     The TLP is held in position by 16 tendons (4 on each corner of the TLP) that are latched to piles on the seafloor. The tendons extend from the seafloor to just below sea level. Each tendon consists of pre-fabricated joints which are connected together during deployment using tendon connectors. The tendons are also fitted with VIV suppression strakes to disrupt VIV and mitigate harmful fatigue loading.

13.     In order to provide stability to the tendons in the pre-service phase until their connection to the TLP, each tendon is supported by a tendon buoyancy module ("TBM"). The TBMs are temporary installation equipment. Each TBM consists of two steel buoyancy units, one clamp unit and one centralizer unit. Once fully assembled, each TBM is approximately 78 feet high and 26 feet in diameter and weighs about 135 tons.

14.     The clamp unit is located at the bottom of the TBM and is used to clamp the TBM to a forged ring on the tendon. The centralizer unit is located at the top of the TBM and is used to centralize the TBM on the tendon. The buoyancy units each have three individual chambers that are filled with air to provide buoyancy. The chambers are open to the environment to provide balance with the hydrostatic seawater pressure. The respective units are held together by horseshoe-shaped, bolted-flange connections, each of which uses 12 bolts to hold the flanges together.

Certified Document Number: 7030/207 - Page 5 of 13

15.     In late January 2015, Heerema Marine Contractors Nederland B.V., acting in conjunction with its United States affiliate Heerema Marine Contractors U.S. Inc. (collectively "Heerema"), began installation of the tendons at the Big Foot site. Defendant Heerema was responsible for transportation, fabrication and installation of the facility, including engineering design and analysis of the installation, and for engineering design, analysis and fabrication of temporary installation equipment.

16.     Defendant McDermott was responsible for procuring and fabricating the TBM buoyancy, clamp and centralizer units, and for assembling the TBMs, including attaching the clamp unit to the lower buoyancy unit by installing the 12 bolts.

17.     Defendant FloaTEC provided the engineering design and analysis for the pre-service conditions to which the tendons, TBMs and associated parts would be subjected, including strength and fatigue calculations and tendon clashing analysis.

18.     In May 2015, Heerema completed the installation of all 16 tendons into their respective piles on the seafloor such that all 16 tendons were in their pre-service configuration.

19.     On May 29, 2015, prior to the tendons being connected to the TLP, three tendons fell to the seafloor. Over the next several days, six more tendons were lost in the same manner. The seven remaining tendons and TBMs were reverse-installed and returned to shore.

20.     Inspection of the debris from the fallen tendons showed that the TBMs had separated from each of the nine tendons due to failures of the bolts in the bolted flanges connecting the clamp units to the lower buoyancy units. After the collapse of the nine tendons, all clamp assemblies belonging to the collapsed TBMs were found resting on the sea floor, separated from the TBMs and surrounded by broken bolts. Subsequent investigation identified

422585

Certified Document Number: 70507207 - Page 6 of 13

under-design as the cause of the bolt failure due to failure to account for static load from offsets caused by loop eddy currents, and for fatigue load from "VIM" and vibration, among other contributing factors.

21.     McDermott, when integrating the clamp mechanism to the TBM, selected and procured bolts that deviated from the specifications provided. The bolts selected by McDermott had a yield-strength substantially lower than that specified in the design specification. The bolts selected by McDermott failed, resulting in substantial damage to the tendons.

22.     FloaTEC failed to adequately account for compression of air in the TBMs and drag resulting from VIM and vibration in the tendons which caused large loads on the bolts. FloaTEC failed to include sufficient VIV-suppression in the tendon design to dampen or eliminate VIV, which led to fatigue cracks. FloaTEC also failed to provide design and fatigue loads for the TBM design. These failures resulted in substantial damage to the tendons.

23.     Heerema failed to properly oversee, supervise, inspect and manage the activities and installation of McDermott, FloaTEC and other entities, and Heerema authorized installation of the tendons and the removal of spacer wires maintaining separation between tendons, despite the presence of deteriorating weather and severe loop eddies that contributed to the installation failure.

24.     As a result of the incident beginning on May 29, 2015, Chevron has incurred, and will continue to incur, millions of dollars in property damage and economic losses from the extended delay in completing installation of the TLP at the Big Foot site.

Certified Document Number: 70507207 - Page 7 of 13

422585

25.     Plaintiff Underwriters insure Chevron, Statoil, and Marubeni for the Big Foot project under an Offshore Construction Risk Policy No. B0823EE110211. Chevron has made claims and continues to make claims under the policy on behalf of itself, and as the representative of the other working interest owners, for losses and damages resulting from the tendon failure incident at the Big Foot site. Underwriters have paid in excess of $96 million in losses and damages to Chevron and are partially subrogated to those causes of action and claims for relief pleaded on behalf of Chevron and the other principal assureds.

### F.     Causes of Action

26.     The foregoing paragraphs are incorporated by reference.

### Count I – Negligence

27.     In the ordinary course of their business, Defendants owed a duty to Chevron to exercise reasonable care, competence, and skill in, among other things (a) manufacturing, designing, fabricating, procuring, transporting and installing the Big Foot facility, (b) providing professional services and advice for the correct and proper specifications, design, construction, fabrication, procurement, transportation and installation of the facility, (c) detecting and remedying any inadequacies, deficiencies, deviations, flaws or defects in the design, construction, fabrication, procurement and installation of the facility, and (d) warning Chevron of any potential deficiencies, deviations, flaws, defects and dangers regarding the same.

28.     Defendants breached their duties by, among other things, the acts and omissions specified in paragraphs 21 through 24, and their errors and omissions fell far short of the required standard of care and constitute negligence.

422585

Certified Document Number: 70507207 - Page 8 of 13

29.     Defendants' negligence, both individually, and jointly and severally, was a proximate cause of the nine tendons collapsing to the seafloor and the foreseeable damages to Chevron and Chevron's Underwriters caused by the loss of the tendons, including but not limited to, costs to retrieve and store standing tendons and to replace and reinstall all of the lost tendons and TBMs. The damages that resulted were foreseeable and of the type and magnitude that would be expected from such a failure, and Underwriters are entitled to recover all damages allowed by law.

<b>Count II – Gross Negligence</b>

30.     The foregoing paragraphs are incorporated by reference.

31.     Defendants manufactured, designed, fabricated, procured, transported and installed the Big Foot facility, and provided professional services and advice for specifications, design, construction, fabrication, procurement, transportation and installation of the facility, knowing, or having reason to know, that there were inadequacies, deficiencies, deviations, flaws or defects in the design, construction, fabrication, procurement and installation of the facility, and knowing that the products and services provided were for a specific marine environment in a multi-million dollar, deep water offshore oil-and-gas facility.

32.     Given the magnitude of the safety, environmental and financial risks posed by a failure to the tendons, TBMs, clamp assemblies, bolts, connectors and other devices, and the likelihood of damage or failure of attempted installation during a period of unfavorable weather and severe loop eddies, Defendants willfully (a) failed to exercise due care and diligence, (b) acted in the absence of care and in utter disregard of the dictates of prudence and

the exercise of ordinary care, and (c) acted in wanton and reckless disregard for public safety and the rights of others, including, specifically, Chevron and Underwriters.

33.    The acts and omissions specified in paragraphs 21 through 29, objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including, specifically, Chevron and Underwriters.

34.    Defendants had actual, subjective awareness of the risks involved, but nevertheless acted with conscious indifference to the rights, safety, or welfare of others, including, specifically, Chevron and Underwriters.

35.    Defendants' gross negligence proximately caused Chevron and Underwriters to sustain damages and Underwriters are entitled to recover punitive damages.

### Count III – Products Liability

36.    The products provided by Defendants fall within the meaning of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.53(3), and other any other applicable law, and Defendants qualify as "manufacturers" under the statute for the products produced, fabricated, constructed, or designed by them.

37.    The products provided by Defendants were unreasonably dangerous in construction, composition and design, as alleged in paragraphs 24 through 30, because at the time the products left control of Defendants, the products deviated in a material way from required specifications and applicable industry and performance standards, were unreasonably dangerous in design because alternative designs were available that would have prevented the damage, and lacked adequate warnings.

Certified Document Number: 70507207 - Page 10 of 13

38.     Defendants had a legal duty to use due care, competence, skill and reasonable caution under the circumstances, equivalent to that employed by a reasonable and prudent person, in designing, manufacturing, and marketing their products. The dangers were known or should have been known through the application of reasonably developed human skill and foresight.

39.     Defendants breached their duties by, among other things, the acts and omissions specified in paragraphs 21 through 35, proximately causing damages to Chevron and Underwriters, entitling Underwriters to recover damages.

40.     To the extent any Defendant is deemed not to be a product manufacturer, that Defendant undertook an independent review of the adequacy of design structure, fabrication, operation, mechanics and testing of the Big Foot facilities, including but not limited to the design, fabrication, construction and manufacture of the TBMs, tendons, connectors, bolted flange assembly, clamp assembly and centralizer assembly of the TBMs, and made written representations about the fitness and utility of the products to Chevron and others, and those entities reasonably relied to their detriment upon the representations, certifications and verifications in this regard when they put the products into service.

41.     Chevron and Underwriters have suffered damages as a result of Defendants' breach of their legal duties, and Underwriters are entitled to recover damages.

## Count IV – Redhibition

42.     The allegations of paragraphs 21 through 41 are incorporated.

43.     Defendants breached the warranty against redhibitory defects in their products because the defects in their products existed at the time of delivery and rendered the products

422585

Certified Document Number: 70507207 - Page 11 of 13

useless, or their use so inconvenient, that it must be presumed that Chevron would not have purchased or used the products had it known of the defects.

44.    Defendants had reason to know the particular use that Chevron intended for the products, the particular purpose for obtaining them, and that Chevron was relying on the skill and professional judgment of the Defendants in selecting, manufacturing and marketing their products.

45.    Defendants had reason to know, or should have known, that their products were not fit for the intended use or particular purpose.

46.    Defendants' breach of the warranties against redhibitory defects caused damage to Chevron and Underwriters, and Underwriters are entitled to all recoverable damages, including damage to and loss of use of the products, the purchase price plus interest, consequential damages, attorneys fees, and any other recoverable damage.

### Conditions Precedent

47.    All conditions precedent to Plaintiffs' claims have been performed or have occurred.

### Attorneys' Fees

48.    Plaintiffs are entitled to their attorneys fees for the prosecution of this action and are entitled to recover those fees under Louisiana law pursuant to their claims for redhibition and under the LPLA, and under any other applicable law or statute.

422585

### Jury Demand

49.    Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

### Prayer

Plaintiffs request that the Court issue citation upon Defendants and they be required to appear and answer, that judgment be entered in Plaintiffs' favor for all of their actual damages, prejudgment and postjudgment interest, all court costs and expenses, reasonable and necessary attorneys fees, and all other relief to which Plaintiffs are entitled.

Dated:        May 31, 2016.

Respectfully submitted,

**Hall Maines Lugrin, P.C.**

By:        /s/ J. Clifton Hall III
            J. Clifton Hall III
            Attorney-in-Charge
            Texas Bar No. 00793204
            Claude L. Stuart III
            Texas Bar No. 19426620
            Karen K. Milhollin
            Texas Bar No. 00790180
            Williams Tower, 64th Floor
            2800 Post Oak Blvd.
            Houston, Texas 77056-6125
            Telephone: (713) 871-9000
            Telecopier: (713) 871-8962
            chall@hallmaineslugrin.com
            cstuart@hallmaineslugrin.com
            kmilhollin@hallmaineslugrin.com
            *Attorneys for Plaintiffs*

422585



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:      70507207

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Harris County Docket Sheet

# 2016-35355

**COURT:** 234th

**FILED DATE:** 5/27/2016

**CASE TYPE:** OTHER CIVIL



---

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN**

Attorney: HALL, JAMES C. III

**vs.**

**HEEREMA MARINE CONTRACTORS NEDERLAND BV**

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |
| 7/22/2016 | 4A - ORDER OF PARTIAL NONSUIT SIGNED |



EXHIBIT

D

---

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

10/13/2016

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

 _____ Deputy

Case No. 201635355

CERTAIN UNDERWRITERS AT LLOYD'                   *          IN THE DISTRICT COURT OF

vs.                                              *

HEEREMA MARINE CONTRACTORS NED                   *          HARRIS COUNTY, TEXAS

                                                 *          234th    JUDICIAL DISTRICT

### NOTICE OF INTENT TO DISMISS - NO ANSWER FILED

To All Counsel and Pro Se Parties:

Court records indicate that this case is eligible for dismissal for want of prosecution because no answer has been filed in this case.   The case will be **DISMISSED FOR WANT OF PROSECUTION**, unless one of the following actions is taken by **10-10-2016**.

1. You file and have heard, by oral hearing or written submission, a meritorious motion for default judgment (addition instructions on the back); or,

2. An answer is filed; or,

If neither of the above has been done, then you must file a verified motion to retain, showing good cause to retain the case or diligence in prosecution to avoid dismissal, and appear at the oral hearing, to be held at the Harris County Civil Courthouse, 201 Caroline, Houston, Texas 77002, on **10-10-2016** at **1:30 PM**.

If you file a verified motion to retain, you must appear for the oral hearing unless otherwise advised. Failure to appear at the oral hearing will result in the case being **DISMISSED FOR WANT OF PROSECUTION**. If you have any questions regarding this notice, please contact the court coordinator, JIM SITGREAVES at (713) 368-6351.

Thank you for your prompt attention to this matter.

WESLEY R. WARD
Judge, 234TH DISTRICT COURT
Generated on: 08/18/2016

JAMES C. III HALL
2800 POST OAK BLVD STE 6400
HOUSTON TX 77056-6131

793204

2

Certified Document Number: 71546990 - Page 1 of 2



JCVF6A

## NOTICE REGARDING NON-MILITARY AFFIDAVIT

If you file a Motion for Default Judgment, you must comply with the requirements of 50 U.S.C. App. §521, Section 201.

The requirements for the non-military affidavit are now more detailed.

You are required to state facts to support whatever you assert in the affidavit.

**READ THE FEDERAL STATUTE.**

A non-complying Motion for Default Judgment will not be granted and will not be sufficient to avoid dismissal for want of prosecution.

Certified Document Number: 71546990 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:        71546990

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case No. 201635355

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD' | * | IN THE DISTRICT COURT OF |
| vs. | * | |
| HEEREMA MARINE CONTRACTORS NED | * | HARRIS COUNTY, TEXAS |
| | * | 234th   JUDICIAL DISTRICT |

## NOTICE OF INTENT TO DISMISS - NO ANSWER FILED

To All Counsel and Pro Se Parties:

Court records indicate that this case is eligible for dismissal for want of prosecution because no answer has been filed in this case.  The case will be **DISMISSED FOR WANT OF PROSECUTION**, unless one of the following actions is taken by **10-31-2016.**

1. You file and have heard, by oral hearing or written submission, a meritorious motion for default judgment (addition instructions on the back); or,

2. An answer is filed; or,

If neither of the above has been done, then you must file a verified motion to retain, showing good cause to retain the case or diligence in prosecution to avoid dismissal, and appear at the oral hearing, to be held at the Harris County Civil Courthouse, 201 Caroline, Houston, Texas 77002, on **10-31-2016** at **09:30 AM.**

If you file a verified motion to retain, you must appear for the oral hearing unless otherwise advised. Failure to appear at the oral hearing will result in the case being **DISMISSED FOR WANT OF PROSECUTION**. If you have any questions regarding this notice, please contact the court coordinator, LAWANDA CORNETT at (713) 368-6351.

Thank you for your prompt attention to this matter.

WESLEY R. WARD
Judge, 234TH DISTRICT COURT
Generated on: 09/27/2016

JAMES C. III HALL
2800 POST OAK BLVD STE 6400
HOUSTON TX 77056-6131

793204

3

ertified Document Number: 72088141 - Page 1 of 2

JCVF6A

## NOTICE REGARDING NON-MILITARY AFFIDAVIT

If you file a Motion for Default Judgment, you must comply with the requirements of 50 U.S.C. App. §521, Section 201.

The requirements for the non-military affidavit are now more detailed.

You are required to state facts to support whatever you assert in the affidavit.

**READ THE FEDERAL STATUTE.**

A non-complying Motion for Default Judgment will not be granted and will not be sufficient to avoid dismissal for want of prosecution.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:        72088141

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

7/19/2016 10:41:50 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 11702122
By: CORNETT, LAWANDA
Filed: 7/19/2016 10:41:50 AM

Pgs-2

4A

CAUSE NO. 2016-35355

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as subrogees of CHEVRON U.S.A. INC., specifically identified as, LLOYD'S SYNDICATES 457, 1036, 1084, 1209, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO. LTD., INTERNATIONAL INS. CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., NATIONAL UNION FIRE INS. CO. OF PITTSBURG, PA, SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD., and ZURICH INSURANCE PLC UK | § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § § | |
| v. | § § § § | HARRIS COUNTY, TEXAS |
| HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., MCDERMOTT INC., and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC | § § § § § § § § | |
| Defendants. | § § § | 234TH JUDICIAL DISTRICT |

## ORDER OF NONSUIT WITHOUT PREJUDICE

On this day Plaintiffs, Certain Underwriters at Lloyd's London and Certain Insurance

Companies, severally subscribing to an Offshore Construction Risk Policy No. B0823EE110211



EXHIBIT
F

Certified Document Number: 71180223 - Page 1 of 2

(and collectively referred to as "Underwriters"), individually and as subrogees of Chevron U.S.A. Inc., advised the Court that, pursuant to Tex. R. Civ. P. 162, Plaintiffs are taking a non-suit without prejudice with respect to all claims and causes of action asserted in this action against only Defendants Heerema Marine Contractors Nederland BV, Heerema Marine Contractors U.S. Inc., and McDermott Inc. Therefore, it is hereby

ORDERED that all of Plaintiffs', Certain Underwriters at Lloyd's London and Certain Insurance Companies, severally subscribing to an Offshore Construction Risk Policy No. B0823EE110211 (and collectively referred to as "Underwriters"), individually and as subrogees of Chevron U.S.A. Inc., claims and causes of action against only Defendants Heerema Marine Contractors Nederland BV, Heerema Marine Contractors U.S. Inc., and McDermott Inc. shall be nonsuited without prejudice to the refiling of same, effective immediately.

All other parties, claims and causes of action remain.

SIGNED this ____ day of _____, 2016.

Signed:
7/22/2016
_____
Presiding Judge
234th Judicial District Court
Harris County, Texas

Certified Document Number: 71180223 - Page 2 of 2

2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 13, 2016

Certified Document Number:        71180223

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as Subrogees of CHEVRON U.S.A. INC., specifically identified as, LLOYD'S SYNDICATES 457, 1036, 1084, 1029, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO., LTD., INTERNATIONAL INS. CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIP MARINE & NICHIDO FIRE INSURANCE CO., LTD., and ZURICH INSURANCE PLC UK<br><br>vs.<br><br>HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., McDERMOTT INC., DETAIL DESIGN INC. and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____<br>JURY REQUESTED |

LIST OF EXHIBITS TO NOTICE OF REMOVAL

| Exhibit | Document Title |
|---|---|
| A. | Return of Service |
| B. | Plaintiff's Original Petition |

EXHIBIT
C

C.          Plaintiff's Amended Petition

D.          State Court Docket Sheet

E.          Notices of Intent to Dismiss – No Answer Filed

F.          Executed Order of Nonsuit Without Prejudice

G.          List of Exhibits

H.          List of all Parties

                         Respectfully submitted,

                         FRILOT L.L.C.

                          /s/Andrew S. de Klerk
                         Andrew S. de Klerk (LA 1045)
                         Attorney-in-Charge
                         Federal I.D. No. 31121
                         T. Patrick O'Leary (LA 30655)
                         Federal I.D. No. 1515080
                         Brandon K. Thibodeaux (LA 32725)
                         Federal I.D. No. 1515072
                         3700 Energy Centre
                         1100 Poydras Street
                         New Orleans, LA  70163-3700
                         504/599-8010 Phone
                         504/599-8110 Fax
                         adeklerk@frilot.com
                         poleary@frilot.com
                         bthibodeaux@frilot.com
                         ATTORNEYS FOR DEFENDANT,
                         FLOATEC LLC D/B/A
                         FLOATEC SOLUTIONS LLC

**OF COUNSEL:**
Ronald L. Bair
TBN: 01554900
FBN: 6173
Wendi R. Ervin
TBN: 06651220
FBN: 13873
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
Email: rbair@bairhilty.com
Email: wervin@bairhilty.com
**ATTORNEYS FOR DEFENDANT,**
**FLOATEC LLC D/B/A**
**FLOATEC SOLUTIONS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per S. Dist. Tex. Loc. R. LR5.1 on the 13th day of October, 2016. A true and correct copy of the foregoing Notice of Removal was served upon counsel of record in compliance with the Federal Rules of Civil Procedure by certified mail, return receipt requested, telephonic communications, hand delivery and/or U.S. Mail on this the 13th day of October, 2016.

/s/ Andrew S. de Klerk
ANDREW S. de Klerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as Subrogees of CHEVRON U.S.A. INC., specifically identified as, LLOYD'S SYNDICATES 457, 1036, 1084, 1029, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, ARCH INSURANCE CO. (EUROPE) LTD., AXIS SPECIALTY EUROPE LTD., GENERAL SECURITY INDEMNITY CO., HOUSTON CASUALTY CO., HYUNDAI MARINE & FIRE INSURANCE CO., INFRASSURE LTD., INTERNATIONAL GENERAL INSURANCE CO., LTD., INTERNATIONAL INS. CO. OF HANNOVER LTD., LANCASHIRE INSURANCE CO. (UK) LTD., MITSUI SUMITOMO INSURANCE CO., SOMPO JAPAN INSURANCE INC., STATOIL FORSIKRING A.S., TOKIP MARINE & NICHIDO FIRE INSURANCE CO., LTD., and ZURICH INSURANCE PLC UK**<br><br>**vs.**<br><br>**HEEREMA MARINE CONTRACTORS NEDERLAND BV, HEEREMA MARINE CONTRACTORS U.S. INC., McDERMOTT INC., DETAIL DESIGN INC. and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC** | **CIVIL ACTION NO. _____**<br>**JURY REQUESTED** |

### <u>LIST OF PARTIES</u>

**PLAINTIFFS:**      Certain Underwriters at Lloyd's London and Certain Insurance Companies Subscribing to Policy B0823EE110211, individually and as subrogees of Chevron U.S.A. Inc., specifically identified as, Lloyd's Syndicates 457, 1036, 1084, 1209, 1225, 1274, 1919, 2001, 2987, 3010, 4020, 5000, Arch Insurance Co. (Europe) Ltd., Axis Specialty Europe Ltd., General Security



1

Indemnity Co., Houston Casualty Co., Hyundai Marine & Fire Insurance
Co., Infrassure Ltd., International General Insurance Co. Ltd., International
Ins. Co. of Hannover Ltd., Lancashire Insurance Co. (UK) Ltd., Mitsui
Sumitomo Insurance Co., National Union Fire Ins. Co. of Pittsburgh, PA,
Sompo Japan Insurance Inc., Statoil Forsikring A.S., Tokio Marine &
Nichido Fire Insurance Co. Ltd., and Zurich Insurance PLC UK

| | |
|---|---|
| PLAINTIFFS' ATTORNEY: | J. Clifton Hall III |
| | Claude L. Stuart III |
| | Karen K. Milholin |
| | Williams Tower, 64th Floor |
| | 2800 Post Oak Blvd. |
| | Houston, Texas 77056-6125 |
| | Telephone:    (713) 871-9000 |
| | Facsimile:     (713) 871-8962 |
| | |
| DEFENDANT: | FloaTEC LLC d/b/a FloaTEC Solutions LLC |
| | |
| DEFENDANT'S ATTORNEY: | Andrew S. de Klerk (LA 1045) |
| | T. Patrick Leary (LA 30655) |
| | Brandon K. Thibodeaux (LA 32725) |
| | Frilot L.L.C. |
| | 3700 Energy Centre |
| | 1100 Poydras Street |
| | New Orleans, LA 70163-3700 |
| | Telephone: (504) 599-8010 |
| | Telephone: (504) 599-8110 |

Respectfully submitted,

FRILOT L.L.C.

_/s/Andrew S. de Klerk_
Andrew S. de Klerk (LA 1045)
Attorney-in-Charge
Federal I.D. No. 31121
T. Patrick O'Leary (LA 30655)
Federal I.D. No. 1515080
Brandon K. Thibodeaux (LA 32725)
Federal I.D. No. 1515072
3700 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
504/599-8010 Phone
504/599-8110 Fax
adeklerk@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
**ATTORNEYS FOR DEFENDANT,
FLOATEC LLC D/B/A
FLOATEC SOLUTIONS LLC**

**OF COUNSEL:**
Ronald L. Bair
TBN:  01554900
FBN:  6173
Wendi R. Ervin
TBN:  06651220
FBN:  13873
14711 Pebble Bend Drive
Houston, Texas  77068
Telephone:  (713)862-5599
Facsimile:  (713)868-9444
Email: rbair@bairhilty.com
Email: wervin@bairhilty.com
**ATTORNEYS FOR DEFENDANT,
FLOATEC LLC D/B/A
FLOATEC SOLUTIONS LLC**

3

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per S. Dist. Tex. Loc. R. LR5.1 on the 13th day of October, 2016.  A true and correct copy of the foregoing Notice of Removal was served upon counsel of record in compliance with the Federal Rules of Civil Procedure by certified mail, return receipt requested, telephonic communications, hand delivery and/or U.S. Mail on this the 13th day of October, 2016.

*/s/ Andrew S. de Klerk*
ANDREW S. de Klerk

4