UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY B0823EE110211, individually and as subrogees of CHEVRON U.S.A. INC., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GLOBAL MARITIME, INC., GLOBAL MARITIME CONSULTANCY LIMITED, GLOBAL MARITIME HOLDINGS LIMITED, and GLOBAL MARITIME GROUP AS, (individually and collectively d/b/a GLOBAL MARITIME), and FLOATEC LLC D/B/A FLOATEC SOLUTIONS LLC <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 16-cv-03050 <br> Jury Requested |

**PLAINTIFF UNDERWRITERS' OPPOSED RULE 54(b) MOTION TO CERTIFY PARTIAL FINAL JUDGMENT ON THE DISMISSAL OF CLAIMS AGAINST FLOATEC LLC**

Plaintiff Underwriters move for Rule 54(b) certification that the Court's Memorandum and Opinion (ECF 63) granting dismissal with prejudice on all of Plaintiffs' claims against Defendant FloaTEC LLC d/b/a FloaTEC Solutions LLC is a final and immediately appealable partial final judgment in this case. Defendant FloaTEC is opposed to this motion.

**Nature and Stage of Proceeding**

On July 27, 2017, this Court issued a Memorandum and Opinion addressing Rule 12(b)(6) motions to dismiss filed by Defendants. (ECF 63). The order addresses:

(1)   Floatec's motion to dismiss, and, in the alternative, motion to compel; and

(2) American Global Maritime's (AGM) motion to dismiss, and, in the alternative, motion to compel.

In ruling on the motions, Judge Rosenthal:

(1) Granted FloaTEC's motion to dismiss all claims against it with prejudice;

(2) Did not reach FloaTEC's alternative request for arbitration, finding it irrelevant based upon the dismissal of Underwriters' subrogated claims;

(3) Denied AGM's motion to dismiss; and

(4) Denied AGM's alternative motion to compel.

On August 28, 2017, Plaintiffs filed a precautionary notice of appeal to the Fifth Circuit Court of Appeals from the decision as to FloaTEC. (ECF 66). All parties agreed to mediate the case as part of the Fifth Circuit mediation program. Plaintiffs filed a motion to stay and the Fifth Circuit dismissed the appeal, pending mediation, without prejudice of either party to reinstate the appeal (ECF 74). This Court stayed the district court proceedings and administratively closed the case pending mediation and without prejudice to the right to reinstate the case to the active docket (ECF 73).

As the parties have not resolved the claims between them, Plaintiffs have filed a motion to reinstate the case to the active docket (ECF 76) and seek the entry of a partial final judgment under Rule 54(b) as to the dismissal with prejudice of FloaTEC so that an immediate appeal may be taken.

**Statement of Issues to be Ruled On and Standard of Review**

Rule 54(b) of the Federal Rules of Civil Procedure provides:

When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are

> involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). Under Rule 54(b), a judgment entered for fewer than all the claims or parties may be appealable if the court certifies that it is final. *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012). Before granting a Rule 54(b) motion, a district court must make two independent findings. *Waldorf v. Shuta*, 142 F.3d 601, 608 (3d Cir. 1998).

    1.    Whether the Court's Memorandum and Opinion (ECF 63), granting dismissal with prejudice on all of Plaintiffs' claims against Defendant FloaTEC, is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Samaad v. City of Dallas*, 940 F.2d 925, 929 (5th Cir. 1991).

    2.    Whether there is no just reason for delay in entering the final judgment. *Id.* A court may direct entry of final judgment under Rule 54(b) if more than one claim for relief is presented or multiple parties are involved in an action.

The decision whether or not to make a Rule 54(b) determination is "left to the sound judicial discretion of the trial court." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (citing *Curtiss–Wright Corp.*, 446 U.S. at 8).

### Argument and Authorities

The Memorandum and Opinion dismissing with prejudice the claims against FloaTEC is interlocutory and not final because it does not dispose of all claims by all parties. Until the district court makes an express determination that no just reason for delay exists and expressly directs entry of judgment, finality will not attach to an order that disposes of some but not all of the defendants. *See* FED. R. CIV. P. 54(b); *see also Kelly v. Lee's Old Fashioned Hamburgers, Inc.,*

908 F.2d 1218, 1220 (5th Cir.1990) (en banc) (interpreting Rule 54(b) as requiring the language of the order appealed from to "reflect[ ] the district court's unmistakable intent to enter a partial final judgment under Rule 54(b)").

First, the court must find that the judgment sought is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). Second, the court must find that there is no just reason for delay in entering the final judgment. *Id*. at 8. The requirements for Rule 54(b) certification are met here with respect to the dismissal with prejudice of FloaTEC.

**1.     The dismissal with prejudice of the claims against FloaTEC is final.**

To enter a Rule 54(b) final judgment, the district court must have finally disposed of "one or more . . . claims or parties." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting FED. R. CIV. P. 54(b)). An order is "final" if it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (citation and internal quotations omitted). An order completely dismissing a certain defendant from a multi-party case is properly certified as a Rule 54(b) judgment. *Id* at 743 ("Because the district court dismissed with prejudice all claims against Dravo, Dravo was no longer a party before that court and the order granting summary judgment is properly on appeal pursuant to Rule 54(b).").

The Court's Memorandum and Opinion ultimately disposes of all claims against Defendant FloaTEC because it grants dismissal "with prejudice" of all Plaintiffs' claims against FloaTEC. (ECF 63 at 22).Therefore, the first finding for entry of a Rule 54(b) judgment requiring

a final disposition of all claims against a party is met because the Court's decision dismisses FloaTEC from the case.

### 2. There is no just reason for delaying entry of final judgment as to FloaTEC.

In an action involving multiple parties, Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). This second inquiry requires the court to "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.' " *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir.2003) (citations and internal quotation marks omitted); *Halliburton Energy Servs., Inc. v. NL Indus.*, No. H-05-4160, H-06-3504, 2008 WL 2697345, at *6 (S.D. Tex.

July 2, 2008) (Rosenthal, J.). A consideration of these factors in this case supports a Rule 54(b) certification of the Memorandum and Opinion rulings as to FloaTEC.

### a. The unresolved claims against Global Maritime are insufficiently related to the claims against FloaTEC to delay judgment.

The claims resolved by the Court's decision are Plaintiff Underwriters' claims against FloaTEC for losses arising out of the failed offshore installation of Chevron's Big Foot extended tension-leg platform drilling rig. FloaTEC provided "engineering design and analysis" for the tendons and was "responsible for interface management for the entire project." (ECF 32 at ¶ 18). The Underwriters alleged that FloaTEC owed Chevron a duty of care, that the engineering work FloaTEC performed was negligent and grossly negligent in breach of that duty, and that the negligence proximately caused the tendon collapse. (*Id.* ¶¶ 32-34, 36-38). As Chevron's insurers, the Underwriters' claims against FloaTEC are grounded in subrogation. FloaTEC's dismissal is based upon the Court's rulings that (1) FloaTEC qualifies as an Other Assured under Chevron's insurance policy, entitling it to the waiver of subrogation in Chevron's policy, and thereby barring Underwriters' claims (ECF 63 at 15), and (2) that the mandatory arbitration provision in the FloaTEC-Chevron contract is irrelevant because Underwriters cannot bring a subrogated action asserting Chevron's rights against FloaTEC. (ECF 63 at 5).

The claims against Defendant AGM, on the other hand, present different and non-overlapping issues. Although AGM also moved to dismiss on grounds that it qualifies as an Other Assured under Chevron's policy, thereby barring Underwriters' subrogated tort claims, the Court denied the motion to dismiss because "Underwriters' claims against American Global Maritime are pleaded as direct tort claims rather than as claims brought as a subrogee of Chevron." (ECF 63 at 18). The Underwriters allege that as the appointed marine warranty

surveyor under the policy, AGM owed them direct and independent duties to review and approve the engineering and design of the project, and that AGM negligently misrepresented to Underwriters the facilities met industry standards and were fit for transportation and installation, when in fact they were not. (ECF 32 at ¶¶24-25; 42-44; 46-49). These independent claims are not barred by the anti-subrogation rule. "The Underwriters could prevail under the Louisiana tort rules they cite without proving that American Global Maritime violated any duty it owed to Chevron, whether that duty arose in contract or tort." (ECF 63 at 20). The Underwriters' claims against AGM are not barred by the anti-subrogation rule because they are not grounded in subrogation. An appellate ruling on FloaTEC's Other Assured claim will therefore not affect resolution of the remaining claims against AGM.

Similarly, AGM's position that the mandatory arbitration clause in its contract with Chevron applied to Underwriters' claims was predicated on its assumption that the Underwriters were asserting Chevron's rights in subrogation, when they are not. (ECF 63 at 21). An appellate ruling with respect to FloaTEC that the Court should have decided first the motion to compel arbitration, and should have sent the FloaTEC claims to arbitration instead of delving into the merits, will not affect resolution of the claims against AGM because the Chevron-AGM contract and the arbitration provision is inapplicable.

### b. The remaining factors do not apply because the claims against FloaTEC and AGM do not overlap.

For the same reasons, the second and third Rule 54(b) factors to be considered—that review may be mooted by further developments in the district court or that the appellate court will need to review the same issues a second time—do not apply. The district court's dismissal of FloaTEC is based upon its interpretation of the insurance contract with regard to FloaTEC's

Other Assured claim. That ruling, and the court's determination that the arbitration clause in the FloaTEC-Chevron contract is inapplicable, will not be mooted by future developments or discovery in the case against AGM. The claims against AGM are not based in subrogation. Similarly, the appellate court will not need to review the Other Assured claim or the arbitration ruling a second time because the underpinning of any judgment obtained by Underwriters against AGM will not be in subrogation. The fourth factor is also inapplicable—there is no claim or counterclaim remaining that could result in a setoff against the judgment dismissing FloaTEC.

    **c.**    **Other miscellaneous factors favor certification.**

The miscellaneous factors also weigh in favor of certifying a final judgment under Rule 54(b). The claims against FloaTEC and AGM, although grounded in different legal theories, arise out of the same basic facts and circumstances surrounding the failed installation of the Big Foot platform. The negligent design errors alleged against FloaTEC overlap factually with claims alleged against AGM for failure to recognize those design errors and for improper approval of the facility design as meeting industry standards. As a result, testimony regarding the Big Foot project generally, and the nature and extent of the design defects specifically, is likely to be the same in many respects, in any trial against the defendants.

If the Court denies entry of a Rule 54(b) final judgment, and FloaTEC's dismissal is ultimately reversed by the appellate court at the end of the case against AGM, it would be necessary to conduct a second trial repeating some of the same facts and witnesses that will be heard in a trial against AGM. Duplicating the trial proceedings in this manner would be a waste of the time and resources of the Court and the parties if FloaTEC's dismissal is reversed and it is bound to trial in the district court. Allowing an immediate appeal benefits FloaTEC by providing

it with finality as to the judgment without having to wait for resolution of claims against other parties which do not affect its interest. The Underwriters benefit by allowing them to pursue claims arising from the incident against all defendants in one trial, should FloaTEC's dismissal be reversed on appeal.

### Conclusion

The Memorandum and Opinion disposes of all claims against FloaTEC with prejudice and is a final order. There is no just reason for delaying entry of final judgment as to FloaTEC because the claims against it are distinct and independent from the claims against AGM, the appellate court will not have to hear the same issues on appeal twice, and it is more economic to allow an appeal against FloaTEC now to provide it finality and to prevent repetitive trial proceedings should the dismissal against FloaTEC be reversed. On balance, the majority of factors to be considered weigh in favor of certification. There is no just reason for delay and the entry of a Rule 54(b) final judgment best serves the interests of the Court and the parties.

Respectfully submitted,

By: /s/    J. Clifton Hall III
J. Clifton Hall III
Attorney-in-Charge
(TX 00793204)(Fed. 20250)
chall@hallmaineslugrin.com
Williams Tower, 64th Floor
2800 Post Oak Boulevard
Houston, Texas 77056-6125
Tel.    713.871.9000
Fax    713.871.8962

*Attorneys for Plaintiffs Certain Underwriters at Lloyd's London and Certain Insurance Companies Subscribing to Policy B0823EE110211*

OF COUNSEL:
HALL MAINES LUGRIN, P.C.
Claude L. Stuart III
cstuart@hallmaineslugrin.com
(TX 19426620)(Fed. 13824)
Karen K. Milhollin
(TX 00790180)(Fed. 18038)
kmilhollin@hallmaineslugrin.com
Neil E. Giles
(TX 00784126)(Fed. 16782)
ngiles@hallmaineslugrin.com

## Certificate of Conference

    I certify that on January 4, 2018, I conferred with counsel for Defendant FloaTEC and with counsel for the Global Maritime entities and they oppose this motion.

                                                           /s/      *Karen K. Milhollin*
                                                           Karen K. Milhollin

## Certificate of Service

    On January 4, 2018, I electronically submitted this document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system. All counsel of record were served electronically or as authorized by Fed. R. Civ. P. 5(b)(2).

| | |
|---|---|
| Andrew S. de Klerk | Randall Treadaway |
| T. Patrick O'Leary | Brett M. Bollinger |
| Brandon K. Thibodeaux | Zaunbrecher Treadaway Bollinger LLC |
| Frilot LLC | 406 N. Florida Street, Ste. 2 |
| 3700 Energy Centre | Covington, LA 70433 |
| 1100 Poydras Street | Tel:     985.871.8787 |
| New Orleans, LA 70163-3700 | Fax:    985.871.8788 |
| Tel:     504.599.8010 | Email: Randy@ztlalaw.com |
| Fax:    504.599.8110 | Email: Brett@ztlalaw.com |
| Email: adeklerk@frilot.com | |
| Email: poleary@frilot.com | *Attorneys for American Global* |
| Email: bthibodeaux@frilot.com | *Maritime, Inc.* |
| *Attorneys for FloaTEC LLC d/b/a* | |
| *FloaTEC Solutions LLC* | |

                                                          /s/      *J. Clifton Hall III*
                                                           J. Clifton Hall III