IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD'S SYNDICATE 457, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-16-3050 |
| FLOATEC LLC, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND OPINION

Some of the plaintiffs, marine insurance underwriters, have moved under Federal Rule of Civil Procedure 60(b) for reconsideration of this court's December 27, 2018, memorandum and opinion denying relief from the court's July 2017 memorandum and opinion and entry of partial final judgment dismissing the claims against FloaTEC LLC. They argue that the court erred in the December 2018 memorandum and opinion by relying on an outdated contract provision, examining "other insurance" provisions, finding that the commercial liability insurance did not cover FloaTEC's professional services, and determining that the Underwriters had waived subrogation claims against FloaTEC. The court has carefully reviewed the motion, the prior rulings, the record, and the applicable law, and, based on this review, denies the motion for reconsideration.

A district court may relieve a party from "a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "Relief under Rule 60(b) is an extraordinary remedy; 'the desire for a judicial process

1

that is predictable mandates caution in reopening judgments.'" *Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 620 (S.D. Tex. 2009) (quoting *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005)). "Rule 60(b) may not be used to provide an avenue for challenges of mistake of law that should ordinarily be raised by timely appeal." *Pryor v. U.S. Postal Serv.*, 769. F.2d 281, 286 (5th Cir. 1985). "The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Hesling*, 396 F.3d at 638 (alterations omitted) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

As a threshold matter, the Underwriters challenge the legal basis of the court's December 2018 memorandum and opinion. This challenge should be raised on timely appeal, not Rule 60(b). *Pryor*, 769. F.2d at 286. The Underwriters contend that the court erred by considering the original version of an amended contract provision. (Docket Entry No. 128 at 2–3). In the December 2018 memorandum and opinion, the court found that the primary and noncontributory clauses in Chevron's Policy and FloaTEC's commercial liability insurance did not conflict because FloaTEC's agreement with Chevron did not require FloaTEC to obtain primary insurance for damages or losses to Chevron's property. (Docket Entry No. 127 at 12–13). Chevron's Policy was primary. (*Id.*). The Underwriters now point to an amendment to FloaTEC's agreement with Chevron that requires FloaTEC to indemnify Chevron for up to $5,000,000 in damage or losses to Chevron's property. (Docket Entry No. 128 at 3). They argue that FloaTEC's commercial liability insurance had to provide primary insurance based on this provision. (*Id.*).

FloaTEC's agreement with Chevron, as amended, does require FloaTEC to obtain primary insurance for damages or losses to Chevron's property. (Docket Entry No. 30-3 at 41–42). Chevron's Policy and FloaTEC's commercial liability insurance both contain "other insurance"

clauses stating that each is primary and that other insurance may not contribute to claims. (Docket Entry No. 98-1 at 69; Docket Entry No. 116-2 at 76). Even assuming that the commercial liability insurance covers the alleged damages arising from FloaTEC's services, those clauses appear to conflict. But the court need not address this conflict. As this court previously determined, "[e]ven assuming FloaTEC's commercial liability insurance covered professional services and prohibited contribution from Chevron's Policy, it would neither affect FloaTEC's status as an Other Assured nor abrogate the subrogation waiver." (Docket Entry No. 127 at 13). The Underwriters have not identified new evidence or raised new arguments supporting extraordinary relief from that determination.

Because an appeal is pending, the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a). The court denies the Underwriters' motion for relief under Rule 60(b). (Docket Entry No. 128).

SIGNED on January 3, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

3