IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD'S SYNDICATE 457, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-3050 |
| | § | |
| FLOATEC LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, marine insurance underwriters, have moved under Federal Rule of Civil Procedure 59(e) to alter or amend this court's July 9, 2019, Memorandum and Opinion granting summary judgment and entering final judgment for American Global Maritime. (Docket Entry No. 149). The Underwriters argue that previously unavailable deposition testimony supports a reasonable inference that American Global Maritime fell under an exception to the antisubrogation rule and that the court's ruling was manifestly erroneous because their action is for reimbursement, not subrogation. (*See id.* at 1–8). American Global Maritime responded that the deposition testimony does not change the analysis. (Docket Entry No. 150). After a careful review of the motion, response, prior rulings, the record evidence, and the applicable law, the court denies the motion to alter or amend the judgment.

Federal Rule of Civil Procedure 59 allows a party to move "to alter or amend a judgment" within "28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*,

702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller*, 342 F.3d at 567). "[R]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). "The Fifth Circuit generally reviews a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (alterations omitted) (quoting *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 721–22 (5th Cir. 2013)). "Under this standard, the district court's decision need only be reasonable." *Life Partners*, 926 F.3d at 128.

The court's July 2019 Memorandum and Opinion granted summary judgment for American Global Maritime based on the rule that an insurer cannot sue an insured for a risk covered and paid for under the insurance policy. (Docket Entry No. 147 at 27). The Underwriters argue that the court erred because the antisubrogation rule does not bar claims based on alleged breaches of duties that American Global Maritime owed to them. (Docket Entry No. 149 at 6). Relatedly, the Underwriters ask the court to reconsider the July 2019 Memorandum and Opinion because June 2019 depositions of American Global Maritime employees support an inference that American Global Maritime owed the Underwriters legal duties that it breached.

These arguments largely restate arguments previously raised and addressed in this litigation. *See Edionwe*, 860 F.3d at 295 (a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the

entry of judgment" (alteration omitted) (quoting *Templet*, 367 F.3d at 479)). The court did not dismiss the Underwriters' claims under the antisubrogation rule; rather, the court found, that the Underwriters asserted direct, not subrogated, claims. (*See* Docket Entry No. 147 at 7–8, 10). After examining the case law in depth, the court found that the claims against the Underwriters were barred as a matter of law because an insurer may not sue an insured for risks covered and paid for under the insurance policy. (*See id.* at 20–27).

The deposition testimony does not affect this result. Even assuming that the deposition testimony supports an inference that American Global Maritime owed duties to the Underwriters under Louisiana law, as the Underwriters contend, those duties would not change American Global Maritime's status as an Other Assured under the Offshore Construction Risk Policy. The rule that an insurer cannot sue an insured for a covered risk would still apply. The Underwriters presumably knew the contents of the depositions after they were taken in June 2019, which is before the July 2019 Memorandum and Opinion issued. While the Underwriters did move under Rule 56(d) for more discovery, they neither mentioned the depositions nor identified "specific facts likely to emerge from discovery that [were] likely to change the outcome." (*Id.* at 27–28).

The Underwriters argue that this court's ruling was manifestly erroneous because their claims were for reimbursement, an exception to the rule that an insurer cannot sue an insured for a covered risk. (Docket Entry No. 149 at 6). The court considered and rejected this argument in the July 2019 Memorandum and Opinion. (Docket Entry No. 147 at 23–24, 27). The Underwriters have not adequately explained, including in their Rule 59(e) motion, how their action is one for reimbursement. *See* 16 COUCH ON INSURANCE § 226:4 (3d ed. 2019) (reimbursement is "the contractual right of an insurer to a refund directly from the insured when the insured also receives payment for those same expenses from another source").

3

The Underwriters argue that the July 2019 Memorandum and Opinion "ignores the commercial reality of the relationship between [u]nderwriters on an offshore construction project and the [marine warranty surveyors]." (Docket Entry No. 149 at 8). The July 2019 Memorandum and Opinion was based on the record evidence as to the specific contractual relationships between the Underwriters, Chevron, and American Global Maritime. The record evidence showed that the Underwriters chose to insure American Global Maritime for the property damage to the Bigfoot Project that they have sued to recover, "run[ning] afoul of the principle that an insurer may not sue an insured to recover money paid for the risk that the insurer promised to insure." (Docket Entry No. 147 at 27).

The Underwriters have not identified sufficient grounds to justify the "extraordinary remedy" of setting aside or amending the final judgment. *Templet*, 367 F.3d at 479. The Underwriters' disagreements with the July 2019 Memorandum and Opinion are properly addressed on appeal.

The Rule 59(e) motion to alter or amend the judgment is denied. (Docket Entry No. 149).

SIGNED on August 29, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge